UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CODY W. PHELPS,

    Plaintiff,

v.      CAUSE NO. 3:18CV588-PPS/MGG

ROB CARTER,

    Defendant.

## OPINION AND ORDER

Cody W. Phelps, a prisoner without a lawyer, filed a confusing complaint raising multiple claims against twelve defendants. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Phelps presents a myriad of complaints. He complaints about the conditions at Indiana State Prison, including the presence of vermin and mold. He complains that staff at Indiana State Prison do not use safe food-handling procedures. He alleges that he was denied adequate dental care, treatment for Hepatitis C, and a Kosher diet. He complains that he was sexually harassed. He alleges that an officer brought a false conduct report against him. He alleges that his religious rights were violated when his

food tray was placed on the ground during Ramadan. He alleges that his right to mail was infringed because he is provided with photocopies of his mail rather than the original. And, he alleges that he was denied access to the grievance system.

Phelps connects some (but not all) of these allegations to particular defendants. Under 42 U.S.C. § 1983, "[o]nly persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *See also Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Thus, before I can properly evaluate Phelps' complaint, he needs to clearly indicate who is he suing and for what. For example, Phelps complains that he was denied treatment for Hepatitis C, but he does not indicate who denied him treatment, when he was denied treatment, or the reason given for denying him treatment. Each of these details are important for me to determine if Phelps should be granted leave to pursue this claim.

When a complaint is vague, confusing, or lacking in necessary detail, the court may dismiss the complaint with leave to replead. *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). Therefore, I will give Phelps an opportunity to file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). As the instructions on the court's complaint form explain, Phelps needs to write a short and plain statement telling what each defendant he is suing did wrong. For each defendant, should offer an explanation of how, where, and when that defendant violated his rights, and describe the injuries or damages that he claims resulted. And, so that anyone reading the amended complaint will know who is being described, Phelps needs to use each defendant's name every time

2

he refers to that defendant. This is particularly important here because Phelps is suing so many defendants.

ACCORDINGLY, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint (INND Rev. 8/16) and send it to plaintiff Cody W. Phelps;

(2) GRANTS Phelps until **December 3, 2018** to properly complete and file that form as his First Amended Complaint; and

(3) CAUTIONS Cody W. Phelps that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A for failure to state a claim.

SO ORDERED on November 1, 2018.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT