UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CODY W. PHELPS,

Plaintiff,

v.                                          CAUSE NO. 3:18CV588-PPS/MGG

ROB CARTER,

Defendant.

OPINION AND ORDER

Cody W. Phelps, a prisoner without a lawyer, filed an amended complaint which

appears to contain unrelated claims. He names seven defendants. He alleges that Dr.

Arnett, a dentist, provided inadequate dental care. He complains about the presence of

vermin, pigeons, and insects at the prison. And, he alleges that Officer Kessler placed

his food tray on the floor on one occasion during Ramadan, and he therefore could not

eat the food because of his religious requirements.[1]

---

[1] In addition to Dr. Arnett and Officer Kessler, Phelps has sued Commissioner Rob Carter, Warden Ron Neal, Deputy Warden George Payne, and Sherri Fritter, but none of these individuals appear to be personally involved in any of these allegations. A lawsuit against an individual pursuant to § 1983 requires "personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). Furthermore, there is no general *respondeat superior* liability under 42 U.S.C. § 1983, and these individuals cannot be held liable simply because they oversee operations at the prison or supervises other correctional officers. *See Burks v. Raemisch,* 555 F.3d 592, 594 (7th Cir. 2009). Similarly, Phelps has named Wexford Medical Corporation as a defendant. Wexford is the private company which provides medical care at the prison. Phelps is attempting to hold the company liable because it employs the medical staff. However, there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *see also Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008) ("[A] private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights.").

Phelps may not sue different defendants based on unrelated events. "Unrelated claims against different defendants belong in different suits . . .." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). *See also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017). When a *pro se* prisoner files a suit with unrelated claims, the court has several options. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). It is the practice of this court to notify the plaintiff and allow him to decide which claim (or related claims) to pursue in the instant case – as well as to decide when or if to bring the other claims in separate suits. *Id*. ("The judge might have been justified in directing Wheeler to file separate complaints, each confined to one group of injuries and defendants."). This is the fairest solution because "the plaintiff as master of the complaint may present (or abjure) any claim he likes." *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009).

While Phelps attempts to connect his three claims by referring to the "totality of conditions," there is no other indication in the current complaint that there is a relationship between Phelps' claims that he received inadequate dental care by Dr. Arnett, was exposed to vermin, pigeons, and insects by another individual (it's unclear who he believes is responsible), and had his religious rights violated by Officer Kessler. These allegations involve different defendants, different incidents occurring on different dates, and different sets of operative facts. Thus, all of these claims do not belong in the same lawsuit.

The court could properly limit this case by picking a claim (or related claims) for him because "[a] district judge [can] solve the problem by . . . dismissing the excess defendants under Fed.R.Civ.P. 21." *Wheeler*, 689 F.3d at 683. Alternatively, the court

could split the unrelated claims because "[a] district judge [can] solve the problem by severance (creating multiple suits that can be separately screened) . . .." *Id.* Both of these solutions pose potential problems. Thus, it is the prisoner plaintiff who should make the decision whether to incur those additional filing fees and bear the risk of additional strikes. However, if Phelps is unable to select related claims on which to proceed in this case, one of these options may become necessary. Phelps needs to decide which related claims and associated defendants he wants to pursue in this case. *See Katz*, 552 F.3d at 563 and *Wheeler*, 689 F.3d at 683. Then he needs to file an amended complaint including only a discussion of the related claims and defendants. Moreover, he should not write about other events and conditions at the prison which are not directly related to the claim against the named defendant or defendants. If he believes those other events or conditions state a claim, he needs to file separate lawsuits.

Lastly, Phelps asked that certain exhibits filed with an earlier complaint be included with this complaint. Phelps will have an opportunity to submit the exhibits he wishes to submit along with his second amended complaint.

ACCORDINGLY, the court:

(1) DIRECTS the clerk to put this case number on a blank Prisoner Complaint (INND Rev. 8/16) form and sent it to Cody W. Phelps along with two blank Prisoner Complaint (INND Rev. 8/16) forms and two blank AO-240 (Rev. 7/10) (INND Rev. 8/16) Prisoner Motion to Proceed In Forma Pauperis forms;

(2) GRANTS Cody W. Phelps until **July 31, 2019**, to file an amended complaint containing only related claims on the form with this case number sent to him by the clerk; and

(3) CAUTIONS Cody W. Phelps if he does not respond by the deadline or if he files an amended complaint with unrelated claims, the court will select one group of related claims and dismiss the others without prejudice.

SO ORDERED on June 26, 2019.

    /s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT