UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CODY W. PHELPS,

    Plaintiff,

v.      CAUSE NO. 3:18-CV-588 DRL-MGG

RON NEAL, *et al.*,

    Defendants.

OPINION AND ORDER

Cody W. Phelps, a prisoner without a lawyer, filed an amended complaint alleging that he was denied necessary dental care at the Indiana State Prison in violation of the Eighth Amendment. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Phelps alleges that an unknown dentist performed a root canal on him, and that he was in pain following the procedure. He submitted a health care request on December 27, 2017, asking for an x-ray. An x-ray was taken on January 3, 2018 by a dental assistant. He viewed the x-ray, saw a dark spot, and asked the assistant if they were going to put him on antibiotics and Tylenol. The assistant asked Dr. Arnett, and Dr. Arnett said no. Mr. Phelps then filed a grievance. In response to the grievance, Dr. Arnett indicated that it would be against the law for her to prescribe antibiotics for Mr. Phelps. The next day, when Mr. Phelps reported to medical to take a different prescription, he saw Ms. Diane and told her about Dr. Arnett not prescribing him antibiotics or Tylenol. She took his

temperature, and he had a temperature of 99.4 degrees Fahrenheit—a slight fever. Ms. Diane said she would email Dr. Arnett. In response to a grievance, Dr. Arnett indicated that she did not prescribe antibiotics or Tylenol for Mr. Phelps because his face was not swollen and he did not have a fever. But Mr. Phelps indicates that she did not check to see if he had a fever.

Mr. Phelps received antibiotics on January 12, 2018, but they did not help his condition. He remained in severe pain. He filed many requests for health care; but, three months later, nothing more had been done for him and he remained in pain. In July of 2018, he was given the same antibiotic a second time even though it had been ineffective. A nurse suggested to Mr. Phelps that he buy Tylenol from commissary, but he did not have funds to buy Tylenol. He wrote to Warden Neal, but still he did not get any help. In April 2019, Dr. Willie Rucker pulled his tooth. Dr. Rucker indicated that, pursuant to IDOC policy, a root canal should not have been performed on Mr. Phelps. Instead, the tooth should have been pulled.

Mr. Phelps alleges that he suffered unnecessary pain associated with his dental condition for approximately a year and a half. As a result, he has sued three defendants seeking compensatory and punitive damages: the unknown dentist that performed the root canal, Dr. Arnett, and Warden Ron Neal.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing (1) his medical need was objectively serious and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the plaintiff must establish that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant

must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (brackets, quotations, and citations omitted). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (citations omitted). Furthermore, a delay in providing treatment can constitute deliberate indifference when it causes unnecessary pain. *Arnett v. Webster*, 658 F.3d 742, 752-53 (7th Cir. 2011); *Grieveson v. Anderson,* 538 F.3d 763, 779 (7th Cir. 2008).

According to the complaint's allegations, Mr. Phelps repeatedly made Dr. Arnett aware that he was in pain following his root canal. However, crediting the allegations, over a period of many months, she took inadequate steps to help him. These allegations state a claim against Dr. Arnett for deliberate indifference to his need for dental treatment. Accordingly, Mr. Phelps will be permitted to proceed against Dr. Arnett for monetary damages and injunctive relief.

Mr. Phelps has also sued an unknown "John Doe" defendant—the doctor who performed his root canal. This type of unnamed defendant must be dismissed because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). Mr. Phelps will have the opportunity to conduct discovery to determine the identity of the unknown dentist; and, if he discovers the unknown dentist's name, he may seek leave to file an amended complaint to include that individual.

Finally, Mr. Phelps has sued Warden Neal, but he has not alleged facts to suggest that Warden Neal was personally involved in decisions regarding his dental care. He is not liable just because he

oversees the prison. "§ 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003) (citations omitted). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009); *see also Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993) (noting the doctrine of *respondeat superior* has no application to § 1983 actions). Though Mr. Phelps may have told Warden Neal that he was unhappy with his dental care, this allegation alone is not enough to state a claim. Non-medical staff rely on medical experts and are "entitled to relegate to the prison's medical staff the provision of good medical care." *Burks*, 555 F.3d at 595. Here, Mr. Phelps had received some care following his root canal, and Warden Neal was entitled to rely on the prison medical staff's judgment to decide what specific treatment was appropriate for Mr. Phelps. Because it was not deliberately indifferent for Warden Neal to rely on their judgment, Mr. Phelps has not stated a claim against Warden Neal.

For these reasons, the court:

(1) GRANTS Cody W. Phelps leave to proceed against Dr. Arnett in her individual capacity for compensatory and punitive damages for allegedly failing to provide Mr. Phelps with adequate dental care while housed at the Indiana State Prison, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Warden Ron Neal and John Doe;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Dr. Arnett at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 20), pursuant to 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Dr. Arnett respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

September 9, 2019                    *s/ Damon R. Leichty*
                                     Judge, United States District Court